[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 28, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-13186
Non-Argument Calendar

_____

D. C. Docket No. 06-00442-CR-T-17-MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RIGOBERTO GAMEZ-PEREIRA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(March 28, 2008)**

Before ANDERSON, MARCUS  and WILSON, Circuit Judges.

PER CURIAM:

Rigoberto Gamez-Pereira appeals his concurrent thirty-seven-month

sentences for conspiracy to possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 846, and possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B).[1] On appeal, Gamez-Pereira argues that, under 18 U.S.C. § 3553(a), he should have been granted a downward variance below the relevant Sentencing Guidelines range because, as a permanent resident alien facing deportation following his incarceration, his imprisonment would be more onerous than that of a U.S. citizen convicted of the same crimes. Gamez-Pereira also contends that his sentence is unreasonable because the district court failed to consider his "low level involvement" in the crime,[2] as well as his "exceptional" acceptance of responsibility.[3]

Although Gamez-Pereira did not file any objections to the district court's calculation of his advisory Guidelines range, he did move the court at sentencing,

[1] This sentence falls at the lower end of the relevant range suggested by the U.S. Sentencing Guidelines.

[2] Although Gamez-Pereira argues that the district court failed to adequately consider his supposed mitigating role, he did not argue in the district court, and he does not argue now, that he is entitled to a mitigating-role reduction under section 3B1.2 of the U.S. Sentencing Guidelines. Instead, Gamez-Pereira merely argues that his mitigating role should factor into the court's analysis under § 3553(a).

[3] We note that the district court, before reaching the § 3553(a) factors, reduced Gamez-Pereira's base offense level by three points for his acceptance of responsibility, as allowed under section 3E1.1(a) and (b). Above and beyond this reduction, Gamez-Pereira now argues that his "exceptional" acceptance of responsibility should also factor into the court's § 3553(a) analysis.

2

pursuant § 3553(a), to impose a sentence below the range. Specifically, in his attempt to convince the district court that a below-Guidelines sentence was appropriate, Gamez-Pereira highlighted the following facts: the number of people willing to vouch for him; his lack of a criminal history; his character, including the fact that he was supporting ten children, four of whom belonged to his deceased sister-in-law; the fact that he had no possessory interest in the cocaine and no connection to the source; and his complete compliance with the investigation and with presentence procedures. Notably, Gamez-Pereira failed to argue before the district court that his immigration status should factor into the court's decision whether to impose a lower sentence.

In general, we review the final sentence imposed by the district court for reasonableness, United States v. Winingear, 422 F.3d 1241, 1244 (11th Cir. 2005), but we review any arguments not raised at the district court only for plain error, see, e.g., United States v. Bennett, 472 F.3d 825, 831 (11th Cir. 2006); United States v. Underwood, 446 F.3d 1340, 1343 (11th Cir. 2006). Our review for reasonableness entails both procedural and substantive aspects. United States v. Hunt, 459 F.3d 1180, 1182 n.3 (11th Cir. 2006). Procedurally, a sentence may be unreasonable if the district court improperly calculates the Guidelines imprisonment range, treats the Guidelines as mandatory, fails to consider the

appropriate statutory factors, bases the sentence on clearly erroneous facts, or fails to adequately explain its reasoning. Gall v. United States, 552 U.S. __, __, 128 S. Ct. 586, 597 (2007). Although the district court must consider the § 3553(a) factors at sentencing,[4] it need not discuss each of them on the record; rather, an "acknowledgment by the district court that it has considered the defendant's arguments and the factors in section 3553(a) is sufficient." United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005). Substantively, a sentence may be unreasonable if, in light of the facts and circumstances of the defendant's case, the length of the sentence is greater than necessary to achieve the purposes of sentencing as stated in § 3553(a). United States v. Williams, 456 F.3d 1353, 1360, 1363 (11th Cir. 2006).

We review de novo whether a sentence is procedurally unreasonable, United States v. Hunt, 459 F.3d 1180, 1183 (11th Cir. 2006), but our review for

---

[4] Section 3553(a) includes the following factors, which the district court must consider to determine whether a given sentence is reasonable:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unw[arr]anted sentencing disparities; and (10) the need to provide restitution to victims.

United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005) (citing 18 U.S.C. § 3553(a)).

substantive reasonableness is more deferential, Williams, 456 F.3d at 1363. "The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court," and "[w]e will not substitute our judgment in weighing the relevant factors because '[o]ur review is not de novo.' " Id. (quoting Talley, 431 F.3d at 788). "[T]here is a range of reasonable sentences from which the district court may choose," and "[a] district court may impose a sentence that is either more severe or lenient than the sentence [this Court] would have imposed." Talley, 431 F.3d at 788. Furthermore, "[t]he party challenging the sentence bears the burden of establishing the sentence is unreasonable in light of the § 3553(a) factors." Id. at 1361.

Although we broadly construe Gamez-Pereira's various contentions on appeal as challenging his sentence both procedurally and substantively, we discern no reversible error. Procedurally, Gamez-Pereira concedes that the district court correctly calculated the relevant advisory Guidelines range. Furthermore, although Gamez-Pereira now contends that the district court failed to consider his "low level involvement" in the crime, as well as his "exceptional" acceptance of responsibility, the district court expressly stated at sentencing that it considered Gamez-Pereira's arguments and the sentencing factors set forth in § 3553(a). We reiterate that the district court need not address every factor it considers on the

5

record.  Furthermore, the district court adequately explained its reasoning at sentencing; it specifically addressed the nature and circumstances of the offense, the seriousness of the offense, and the need for just punishment in this case. Accordingly, we find no error in the district court's sentencing procedure.

Similarly, Gamez-Pereira's sentence is not substantively unreasonable. Gamez-Pereira asserts for the first time on appeal that his sentence is longer than necessary because his immigration status will result in a disparity in time served as compared to U.S. citizens convicted of the same crimes.  It does not constitute plain error for the district court to refuse to impose a below-guidelines sentence in light of the alleged fact that the Bureau of Prisons will treat prisoners differently when they are facing deportation.  Gamez-Pereira has not met his burden to establish that his sentence is unreasonable in light of the § 3553(a) factors. Accordingly, the district court imposed a procedurally and substantively reasonable sentence, and we affirm.

**AFFIRMED.**